**UNITED STATES of America**

v.

**Thomas Michael DUHAMEL and Homer Lee Rowe.**

**Crim. Nos. 3–81–1, 3–81–2.**

United States District Court, E. D. Tennessee, N. D.

March 3, 1981.

John H. Cary, U. S. Atty., Knoxville, Tenn., for plaintiff.

Rufus W. Beamer, Jr., Knoxville, Tenn., for Homer Lee Rowe.

J. Randy Humble, Knoxville, Tenn., for Thomas Michael Duhamel.

### MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Defendants, charged with violating 18 U.S.C. §§ 2 and 662, have moved to suppress the evidence which the Government seized from them on January 10, 1981 in the Great Smoky Mountains National Park.

Defendants have not alleged any facts in support of their motion. They merely state in a conclusory fashion that defendants were stopped without probable cause.

 Evidentiary hearings are not granted as a matter of course and are only required if the claims are supported by allegations which are sufficiently definite, specific and detailed to enable a court to conclude that a substantial claim is presented. *United States v. Losing*, 539 F.2d 1174, 1177 (8th Cir. 1976), *cert. denied* 434 U.S. 969, 98 S.Ct. 516, 54 L.Ed.2d 457 (1977); *United States v. One 1965 Buick*, 392 F.2d 672, 678 (6th Cir. 1968), *vacated on other grounds sub nom., Dean v. United States*, 402 U.S. 937, 91 S.Ct. 1602, 29 L.Ed.2d 105 (1971); *Cohen v. United States*, 378 F.2d 751, 760–61 (9th Cir. 1967), *cert. denied* 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967). Judging defendants' motion by these standards, it is clear that an evidentiary hearing is not required. Furthermore, it does not appear that one has been requested.

 The complaint in the case shows that the arresting officer, Park Technician Ron Frazier, was advised by the owner of an automobile which had been tampered with on January 10, 1981 that a vehicle fitting the description of defendants' (a 1966 green Plymouth) was seen near the victim's vehicle when the tampering occurred. The victim of another automobile break-in informed the Park Service that an orange Jansport pack and a black and silver down vest, inter alia, had been taken. A third automobile break-in was also reported to the Park Service on January 10, 1981. Frazier received radio messages from other officers stating that they had seen a 1966 green Plymouth at various places in the Park. He was also advised that the tag number of the vehicle was South Carolina license LSM–420, and that this same vehicle bearing this tag number had been observed in March, 1980 and May, 1980. On both of these occasions numerous break-ins had been reported. Frazier stopped defendants' vehicle and upon approaching saw a Jansport pack and a silver and black down vest in the vehicle in plain view.

In the opinion of the Court, these facts establish probable cause to stop defendants' vehicle. The subsequent warrantless seizure of the evidence was justified. *United States v. Lewis*, 504 F.2d 92 (6th Cir. 1974).

Accordingly, it is ORDERED that the motion to suppress be, and the same hereby is, denied.

Order Accordingly.